**SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
David E. Sklar (ATTORNEY ID 065882013)
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re:* | Case No. 16-11759 (VFP) |
| **GABRIEL ENTERPRISES, LLC** | Chapter 13 |
| Debtor. | Hon. Vincent F. Papalia, U.S.B.J. |
| | Hearing Date: March 20, 2018 @ 10:00 am |

### DEBTOR'S OPPOSITION TO UNITED STATES TRUSTEE'S MOTION FOR AN ORDER CONVERTING THE CASE TO CHAPTER 7, OR IN THE ALTERNATIVE, DISMISSING THE CASE PURSUANT TO 11 U.S.C. §1112(b)

The Debtor Gabriel Enterprises, LLC (the "Debtor"), by and through its counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, files this opposition to the United States Trustee's Motion for an Order Converting the Case to Chapter 7, or in the alternative, dismissing the case pursuant to 11 U.S.C. §1112(b) and states as follows:

**Statement of Facts**

1. On February 1, 2016, the Debtor filed a voluntary petition for chapter 11 bankruptcy relief under title 11 of the United States Code.

2. On February 16, 2018, the United States Trustee filed a Motion to Convert the Debtor's Bankruptcy Case to a chapter 7 bankruptcy or, in the alternative, Dismiss the Debtor's Bankruptcy Case pursuant to 11 U.S.C. §1112(b) (the "Motion").

3. On March 13, 2018, the Debtor filed monthly operating reports for November 2017, December 2017 and January 2018 making the Debtor current on its obligation to file monthly operating reports.

4. The Debtor's case is dependent on the outcome of the adversary proceeding it filed against E-Z Cashing, LLC (the "Adversary Proceeding") on February 27, 2018 objecting to the extent and validity of E-Z Cashing's secured claim against real property located at 108 Park Street, Orange, New Jersey (the "Property").

**ARGUMENT**

5. Cause does not exist under 11 U.S.C. §1112(b) to convert the Debtor's Bankruptcy Case to a case under chapter 7 of the bankruptcy code or, in the alternative, dismiss the Debtor's Bankruptcy Case.

6. Pursuant to 11 U.S.C. §1112(b)(2), "the court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate and the debtor or any other party in interest establishes that-(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in 11 U.S.C. §§ 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)-(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court."

7. The Debtor is now current on its obligations to file monthly operating reports. Thus, the concerns that the United States Trustee's Office had concerning the ability of the United

States Trustee's Office and the Debtor's creditors to monitor the Debtor's ongoing financial affairs have since been alleviated.

8. Furthermore, dismissal or conversion of the Debtor's Bankruptcy Case will not be in the best interest of the Debtor's Creditors and the Debtor's Bankruptcy Estate, since the Debtor believes that the outcome of the Adversary Proceeding will yield significant equity in the Property. Thus, the Debtor satisfies 11 U.S.C. §1112(b)(1).

9. The Debtor has filed its outstanding monthly operating reports to address the concerns of the United States Trustee's Office and to allow creditors and the United States Trustee's Office to adequately monitor the Debtor's ongoing financial condition. Going forward, the Debtor is fully aware of what must be reported in its monthly operating reports to fulfill its requirements under the United States Bankruptcy Code. As a result, the issues that the United States Trustee's Office has had with the Debtor's Monthly Operating Reports have been cured, as required by 11 U.S.C. §1112(b)(2)(B)(ii).

## CONCLUSION

10. The Debtor has met the statutory guidelines specified by 11 U.S.C. §1112(b)(2). Thus, cause does not exist for the Debtor's Bankruptcy Case to be converted to a case under chapter 7 of the Bankruptcy Code or, in the alternative, dismissed. Therefore, the Debtor respectfully requests that the Motion be denied.

        **SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP**
Attorneys for Debtor-In-Possession

Dated: March 13, 2018       /s/ David E. Sklar
       David E. Sklar, Esq.